UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TEDDY GLENN BOSTIC, SR.,

      Plaintiff,

                        Civil Action 2:18-cv-971
   v.                     Judge Michael H. Watson
                        Magistrate Judge Chelsey M. Vascura

THE UNITED STATES OF AMERICA, *et al.*,

      Defendants.

## ORDER and REPORT AND RECOMMENDATION

      Plaintiff, Teddy Glenn Bostic, Sr., an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, when considering a *pro se* plaintiff's Complaint, a Court "must read [the allegations] with less stringency . . . and accept the pro se plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (internal citation omitted).

## II.

Plaintiff names twenty-two defendants in his Complaint, including a number of Federal Bureau of Investigation ("FBI") employees and officials, the Hamilton County Prosecutor, and employees and directors of Tropical Nut & Fruit, Inc.

3

Although Plaintiff's Complaint lacks clarity, it appears that in January 2016, Plaintiff's son, Jason Bostic, passed away as a result of vehicles hitting him while he was riding a bicycle in Columbus, Ohio. (*See* Compl. ¶¶ 7-12, ECF No. 1-1.) Plaintiff alleges that his son's death was not an accident, but instead a murder orchestrated by the FBI. In support of this theory, Plaintiff alleges that an FBI agent paid his son's employer, Tropical Nut & Fruit, Inc., to have his son's supervisor ask Plaintiff to work on January 6, 2016. According to Plaintiff, during the evening of January 5, 2016, that FBI agent and his girlfriend met with his son's neighbor, provided this neighbor with two cigarettes laced with a chemical that causes blurry vision, and paid the neighbor to sell those two cigarettes to his son the following morning. Plaintiff alleges that on January 6, 2016, at 4:50 a.m., this neighbor did, in fact, sell these two poisoned cigarettes to his son for one dollar. Plaintiff says his son then smoked the poisoned cigarettes and proceeded to ride his bike to work. As best as the Court can discern, Plaintiff alleges that as a result of the effects from the poisoned cigarettes, his son decided to cross Morse Road, at which point two individuals, who "were not there by accident" but were sent by the FBI, hit his son's bicycle with their vehicles. (*Id*. at ¶ 16.)

According to Plaintiff, the FBI orchestrated his son's murder as part of its "twenty-five year relentless campaign . . . to make [his] life so miserable that [he] would commit suicide" or would commit a crime that would result in his imprisonment. (*Id*. at ¶ 14.) Plaintiff alleges that as part of this campaign to make his life miserable, the FBI has also murdered his grandson; blinded his dog with a laser; continued, since 2015, to poison his food and drink with a chemical

4

that causes his eyes to produce mucus; kidnapped his dog for five days; threw his dog in a river; and poisoned his dog several times.[1]

Plaintiff seeks injunctive relief and $100 million dollars.

The allegations Plaintiff sets forth in his Complaint are so implausible as to render his Complaint frivolous. A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id*. at 327–28. This Court is not required to accept the factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Because Plaintiff's claims are predicated on allegations that rise to the level of being "irrational or wholly incredible" and "fantastic or delusional," his Complaint fails to meet the facial plausibility standard such that it is legally frivolous. It is therefore **RECOMMENDED** that the Court dismiss this action pursuant to Section 1915(e)(2).

---

[1] Plaintiff advanced similar allegations in *Bostic v. Jeannette Arlene Davis, et al.*, 2:15-cv-3029 (the "3029 Case"). In the 3029 Case, Plaintiff alleged that a private citizen and the Columbus Police Department had engaged in a pattern of harassment that included entering his home and cutting off one of his dog's nails; poisoning his dog; blinding his dog with a laser; poisoning his food, drinks, and toothpaste; and murdering his son and grandson. Although in the 3029 Case Plaintiff alleged it was the Columbus Police Department who had orchestrated the murders of his son and grandson, he also alleged that the FBI knew the murders were going to take place yet failed to take action to prevent them. The Court entered summary judgment in the defendants' favor, finding that the uncontroverted evidence established that the defendants neither knew Plaintiff nor had any knowledge of or involvement in the alleged incidents about which Plaintiff complained. (*See* 3029 Case, ECF No. 64.)

**III.**

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

                                              /s/ *Chelsey M. Vascura*
                                              CHELSEY M. VASCURA
                                              UNITED STATES MAGISTRATE JUDGE